**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000883**
**07-SEP-2018**
**08:07 AM**

NO. CAAP-16-0000883

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
STACIE L. MENDEZ, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DTC-16-018453)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Stacie L. Mendez (Mendez) appeals from the December 1, 2016 Notice of Entry of Judgment and/or Order and Plea/Judgment entered by the District Court of the First Circuit, Honolulu Division (District Court).[1]

The District Court convicted Mendez of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating A Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-62(a)(1) and/or (a)(2) (Supp. 2017) (OVLSR-OVUII).[2]

---

[1]    The Honorable Dyan K. Mitsuyama presided.

[2]    HRS § 291E-62 states in relevant part:

§291E-62 **Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.**  (a)  No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions

(continued...)

On appeal, Mendez contends (1) the District Court erred by admitting Plaintiff-Appellee State of Hawai'i's (State) Exhibit 2, because it failed to meet the requirements of a self-authenticating document under Rule 902 of the Hawaii Rules of Evidence (HRE) and violated her right to confrontation, and (2) there was insufficient evidence to convict her.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mendez's points of error as follows:

---

[2](...continued)
were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

    (1)    In violation of any restrictions placed on the person's license;

    (2)    While the person's license or privilege to operate a vehicle remains suspended or revoked;

. . . .

    (b)    No person who has been issued a notice of administrative revocation that serves as a temporary permit by a law enforcement officer, pursuant to section 291E-33, shall operate or assume actual physical control of any vehicle after the expiration of the temporary permit unless that person has an otherwise valid driver's license. No person charged with violating this section shall be convicted if the person produces in court, or proves from the proper official or other records, that the person was the holder of a valid driver's license at the time of the offense.

    (c)    Any person convicted of violating this section shall be sentenced as follows without possibility of probation or suspension of sentence:

    (1)    For a first offense, or any offense not preceded within a five-year period by conviction for an offense under this section, . . .

        (A)    A term of imprisonment of not less than three consecutive days but not more than thirty days;

        (B)    A fine of not less than $250 but not more than $1,000;

        (C)    Revocation of license and privilege to operate a vehicle for an additional year; and

        (D)    Loss of the privilege to operate a vehicle equipped with an ignition interlock device, if applicable[.]

Assuming, *arguendo*, that State's Exhibit 2 was erroneously admitted into evidence, it was harmless error because when the evidence adduced at trial, without State's Exhibit 2, is considered in the strongest light for the prosecution, including all reasonable and rational inferences under the facts in evidence, including circumstantial evidence, there was sufficient evidence to convict Mendez. State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

Mendez testified that, on February 28, 2016, she was arrested for suspicion of driving under the influence of alcohol, the arresting officer confiscated her driver's license, and gave her a Notice of Administrative Revocation, which served as a temporary driver's permit.[3]  Mendez further admitted that, although she requested a reconsideration of the revocation of her license and had not received any response from the ADLRO, when police stopped her on April 24, 2016, she was driving a vehicle and provided the officer only with the temporary driver's permit that had expired thirty days after February 28, 2016.  The testimony of the officers that confiscated Mendez's license and

_____

[3]    A copy of the Notice was introduced as evidence at trial.  The Notice stated, in pertinent part, that "if the Administrative Driver's License Revocation Office ("ADLRO") administratively revokes your license and privileges, your license and privilege to operate a vehicle in the State of Hawai'i or on or in the waters of the State will terminate: (1) thirty days after the date this Notice of Administrative Revocation ("Notice") is issued in the case of an alcohol related offense[.]  The Notice indicates that Mendez· consented to an alcohol test.  The Notice also specified:

> TEMPORARY PERMIT
>
> You must surrender your license to the arresting officer who will then issue you a Temporary Permit.  The Temporary Permit allows you to operate a vehicle for thirty days in the case of an alcohol related offense and forty-four days in the case of a drug-related offense or until such time as the director may establish pursuant to HRS § 291E-38. . . . No person who has been issued a notice of administrative revocation that serves as a temporary permit by a law enforcement officer, pursuant to §291E-33 shall operate or assume actual physical control of any vehicle after the expiration of the temporary permit unless that person has an otherwise valid driver's license. . . .

The following two boxes were checked:

> ☐  This IS a Temporary Permit
> ☐  Your license is forwarded to ADLRO

The Notice appears to be signed by the arresting officer and Mendez on February 28, 2016.

who issued the citation in the instant case was also presented at trial and was consistent with the foregoing. Taking the evidence presented in the strongest light for the prosecution, there was substantial evidence to support Mendez's conviction for OVLSR-OVUII.

Mendez argues that there was no substantial evidence that, *inter alia*, she disregarded a substantial and unjustifiable risk of driving while her license to operate a vehicle was suspended or revoked because "the language of the Notice . . . gave the distinct impression that the administrative revocation was equivocal and not final until Mendez received notice from the ADLRO." We disagree.

First of all, while the Notice states that "if" the ADLRO administratively revokes the person's license, that "license and privilege to operate a vehicle" will terminate thirty days after the date of the Notice, also consistent with the Notice, Mendez surrendered her license to the arresting officer who issued her a thirty-day permit. The Notice states, under "Part II. TEMPORARY PERMIT," that the "Temporary Permit allows you to operate a vehicle for thirty days in the case of an alcohol related offense . . . or until such time as the director may establish pursuant to HRS § 291E-38." Thus, without her license, her temporary permit on its face was good for thirty days only, leaving her with no other documentation authorizing her to drive.

Mendez testified that she received nothing from the ADLRO office between the time she was issued the temporary permit and when she was stopped, on April 24, 2016, and arrested for OVLSR-OVUII. Thus, when she was arrested for the instant offense, Mendez had no communication from the ADLRO at all, let alone one telling her that her temporary permit had been extended or that her revocation had been rescinded. Without more, Mendez disregarded the substantial and unjustifiable risk of driving while her license was revoked.

Nor does Mendez's Request to Reconsider Administrative Revocation of License (Request) change this analysis. Although Mendez mailed this Request the day after her driver's license had

been revoked, she had not received any communication from the ADLRO that they had received her request, let alone reinstated her license by the date of the instant offense.[4]

Therefore, it is hereby ordered that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on December 1, 2016, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, September 7, 2018.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[4] Neither does the incorrect address entered by the arresting officer on her Request affect our conclusion. The fact remains that Mendez had no communication by the ADLRO before she was arrested for the instant offense that would have given her a factual basis to believe her temporary permit had been extended or her driver's permit had been reinstated.